Amy J. Wallace (SBN 110100)
LAW OFFICES OF AMY J. WALLACE
3131 Camino Del Rio North, Suite 380
San Diego, California 92108
T: (619) 293-3993
F: (619) 282-7293

Attorney for Plaintiffs Lucencia Piamonte and Jose Piamonte

FILED
07 DEC 17 PM 1:49
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCENCIA PIAMONTE, an individual; JOSE PIAMONTE, an individual<br><br>Plaintiffs,<br><br>vs<br><br>NAVAL MEDICAL CENTER SAN DIEGO; THE UNITED STATES OF AMERICA and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No. 07 CV 2352 L RBB<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **PROFESSIONAL NEGLIGENCE** (Medical Malpractice)<br><br>2. **LOSS OF CONSORTIUM** |

This is an action brought by plaintiffs Lucencia Piamonte ("Lucencia") and Jose Piamonte ("Jose") (collectively "plaintiffs") against Naval Medical Center San Diego, United States of America and Does 1-200 [collectively referred in this complaint as "defendants"] as follows:

### I. JURISDICTION AND VENUE

1. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1346(b), commonly referred to as the Federal Tort Claims Act ("FTCA") as one of the defendants sued herein is the United States of America. Plaintiffs reside in the above judicial district and the acts and omissions herein complained of occurred at the Naval Medical Center San Diego in said judicial district.

2. At all times relevant hereto, plaintiffs are husband and wife and residing in the County of San Diego, State of California.

3. Plaintiffs are informed and believe and allege thereon that at all times relevant hereto individuals employed by the Department of the Navy performed or assisted in Lucencia's cholecystectomy surgery on September 14, 2005 and were members of the Department of the Navy, employed by the Naval Medical Center San Diego, an agency of the United States of America.

4. Plaintiffs are informed and believe and allege thereon that at all times relevant hereto defendant Naval Medical Center San Diego of the Department of the Navy, San Diego, California, was an agency of defendant United States of America and the United States of America was the owner and operator of the Naval Medical Center San Diego, within the Department of the Navy.

5. Plaintiffs are informed and believe and thereon allege that at all times relevant the physicians and staff working at Naval Medical Center San Diego were employees of Naval Medical Center San Diego, an agency of the United States of America and were acting within the scope of their employment.

6. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the defendants herein was an agent and/or employee of the remaining co-defendants and as such, were acting within the scope of their employment, agency and authority for each entity named herein, including Naval Medical Center San Diego and the United States of America.

7. The true names and capacities of the defendants sued, as Does 1 through 200, are unknown to the plaintiffs and therefore plaintiffs sue these defendants by such fictitious names.

8. Plaintiffs will amend this complaint to allege the true names and capacities of the Does when such names have been ascertained. Plaintiffs are further informed and believe and thereon allege that each of these fictitiously named defendants are legally responsible in some manner for

Complaint for Damages -2

the occurrences herein alleged and that plaintiffs' damages as herein alleged were proximately caused by their conduct in common with defendants and other parties.

9. On <u>August 21, 2006</u>, Lucencia timely filed her claim for damages in the amount of $8,500,000 by serving the Standard Form 95 on the Naval Medical Center via certified mail, which receipt was acknowledged by the Department of the Navy, Office of the Judge Advocate General by correspondence dated <u>October 4, 2006</u> ("Lucencia's claim"), and assigned Claim No. J062424. By certified letter dated <u>October 9, 2007</u>, the Office of the Judge Advocate General has denied Lucencia's claim.

10. On <u>September 5, 2007</u>, Jose timely filed his claim for damages of $1,000,000 by personally serving the Standard Form 95 on the Naval Medical Center, which receipt has been acknowledged by the Department of the Navy, Office of the Judge Advocate General ("Jose's claim") and assigned Claim No. J072166. By certified letter dated <u>October 9, 2007</u>, the Office of the Judge Advocate General has denied Jose's claim.

## II.   FACTS COMMON TO ALL CAUSES OF ACTION

11. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 10 of this complaint as though fully set forth herein.

12. On or about September 14, 2005, Lucencia presented to the Naval Medical Center San Diego for medical care and treatment. On that day, Lucencia was scheduled to undergo a routine laparoscopic cholecystectomy to remove her gall bladder.

13. On September 14, 2005, an inexperienced and unknowledgeable surgical team attempted to perform the laparoscopic cholescystectomy surgery. Because none of the operating surgeons or assistants followed proper pre-surgical and surgical protocol for performing a laparoscopic cholecystectomy, Lucencia's aorta and small intestine were severely punctured as a result. As a result of these punctures, Lucencia began to hemorrhage profusely during the procedure. The laparoscopic cholecystectomy had to be converted to an emergency open

cholecystectomy to allow the physicians to stop the hemorrhaging. Lucencia was then cut open from bowel to sternum and received massive blood transfusions in order to save her life.

14. The operating team's negligence, and the negligence of Naval Medical Center San Diego and the United States of America in failing to properly supervise inexperienced and unknowledgeable surgeons during the surgery, caused Lucencia to suffer permanent and painful physical and emotional injuries, as well as an unsightly, permanent mid-line raised red scar that goes from her sternum to abdomen.

15. Lucencia was 36 year-old operating room nurse when she presented to the Naval Medical Center San Diego for the laparoscopic cholecystectomy surgery. As a result of defendants' negligence, and each of them, she was hospitalized for several weeks after developing a post-surgical blood clot, during which time and for several months after she had to take Coumadin a blood-thinning drug with many interactions and limitations. Although she wanted to become pregnant after the surgery, she was told she would have to wait at least several years to become pregnant, and is still being told it would be unsafe to become pregnant. To date, she has been unable to become pregnant, despite her desire to do so.

16. Also as a result of defendants' negligence, Lucencia suffers from extreme emotional distress, anxiety, flashbacks and panic attacks and has been diagnosed by her treating psychiatrist with post-traumatic stress disorder ("PTSD") as a result of the injuries she has sustained. She has been unable to return to her previous employment as an operating room nurse due to the persistent flashbacks and PTSD, which prevent her from working in or around an operating room and/or from administering care to surgical patients. Because the horrific injury occurred in an operating room, Lucencia's PTSD is triggered by any proximity to an operating room and its contents, which has precluded her return to work as an operating room nurse since the date of the surgery.

17. At all times defendants and each of them owed plaintiffs the duty to possess and exercise that degree of care and skill ordinarily possessed and used by similar professionals in the

1 | same or similar circumstances in the performance of the surgery on Lucencia on September 14, 2005.

18. Defendants failed in that duty and were negligent, careless, and reckless in their care and treatment of Lucencia by failing to properly supervise the laparoscopic cholecystectomy surgery which was performed by an experienced and unknowledgeable surgeon and assisting staff, and by defendants' multiple failures to properly use one of several well-recognized and accepted pre-surgical and surgical procedures designed to avoid inflicting the very injury defendants caused that day, that is the rupture of Lucencia's aorta and intestine.

19. Defendants were negligent in performing their duties as physicians, nurses, and health care providers in that laparoscopic cholecystectomy requires careful attention to surrounding internal organs, which defendants and each of them failed to do. In actuality, defendants and each of them performed the surgery blindly and without proper location and sectioning off of Lucencia's vital abdominal organs, causing the surgical instruments to puncture Lucencia's aorta and intestine.

20. As a result of defendants' negligence, Lucencia nearly bled to death before being slit open from sternum to abdomen to stop the near-fatal hemorrhaging.

21. Lucencia has suffered extreme physical and mental injury and damage to her person and nervous system, including a permanent full-torso raised, unsightly and disfiguring scar. She has incurred and will continue to incur medical bills and expenses, has been subjected to repeated unnecessary medical procedures and has had to take numerous medications for these injuries.

22. Lucencia continues to suffer from PTSD, shock and injury to her nervous system, has had to give up her career as an operating room nurse due to flashbacks and PTSD, causing lost past, present and future income, cost of vocational retraining and lost future earning capacity and has and will continue to suffer general damages as a result in an amount in excess of this court's jurisdictional limit.

23. Further as a proximate result of the actions of defendants and each of them, Lucencia has incurred additional and ongoing medical expenses to attempt to correct the damage inflicted by defendants and will continue to incur ongoing medical expenses and has suffered and will continue to suffer other actual, consequential and incidental damages, including loss of past, present and future income and future loss of earning capacity in an amount to be proven at trial and in excess of the jurisdictional minimum of this court.

24. As a result of his wife's serious, life-threatening and ongoing injuries, Jose has also suffered emotional distress, stress, anxiety, loss of consortium, including but not limited to the loss of the comfort and companionship of Lucencia, from the date of her injuries on September 14, 2005 to the present.

### III. FIRST CAUSE OF ACTION FOR PROFESSIONAL NEGLIGENCE (Medical Malpractice)

**(By Plaintiff Lucencia Piamonte Against All Defendants)**

25. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 24 of this complaint as though fully set forth herein.

26. At all times mentioned in this complaint, defendants and each of them and DOES 1-200, held themselves out to be medical specialists in the field of laparoscopic surgery, the surgery for which Lucencia presented on September 15, 2005.

27. Plaintiffs each have no medical background, education or training and had no means to discover any misconduct, negligence or culpability of defendants during that time the Lucencia was a patient of defendants.

28. Defendants and each of them owed a duty to Lucencia to act reasonably to all persons who sought the services of their medical care.

29. Defendants and each of them breached their duty to Lucencia by failing to properly supervise an inexperienced surgical team who had insufficient knowledge of the procedure.

30. Defendants and each of them further breached their duty to Lucencia by permitting the surgical team to proceed in a grossly negligent manner by its failure to use one of several well-known and accepted methods designed to avoid puncture injuries. Defendants and each of them failed to view and/or isolate and section off Lucencia's vital organs before beginning the laparoscopic cholecystectomy, which caused her catastrophic injuries.

31. As a proximate result of defendants' failures to act in a competent manner as set forth above, Lucencia has suffered and continues to physical pain, has had to take numerous medications to prevent further damage, has suffered extreme emotional distress, mental and emotional anguish, flashbacks, anxiety and panic attacks, PTSD, and has incurred other special damages and general damages in an amount according to proof at time of trial.

32. Lucencia has suffered and continues to suffer past and future medical expenses, costs of physical injuries, and loss of past, present and future income, cost of vocational retraining and lost future earning capacity, all in an amount according to proof at trial.

33. WHEREFORE, Lucencia prays for judgment against defendants and each of them on the First Cause of Action as follows: for general and special damages in an amount no less than $8,500,000.00 and for all other relief allowed by this Court.

## IV. SECOND CAUSE OF ACTION FOR LOSS OF CONSORTIUM

**(By Plaintiff Jose Piamonte Against all Defendants)**

34. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 33 of this complaint as though fully set forth herein.

35. At all times alleged herein, Jose was the legal husband of Lucencia.

36. At all times alleged herein, defendants and each of them owed a duty to plaintiffs and each of them which duty to plaintiffs was breached by the actions more particularly set forth above.

37. As a result of the legal marital relationship between Lucencia and Jose, and as a result defendants' numerous breaches of their duties to plaintiffs during the surgery they performed on Lucencia on September 14, 2005, Jose has been injured.

38. Specifically, as a result of his wife's serious physical, mental and emotional injuries due to the negligence of defendants and each of them, Jose has suffered extreme emotional distress, stress, anxiety and loss of consortium including but not limited to the loss of his wife Lucencia's comfort and companionship starting immediately from the time of her injuries up to the present.

39. The above-enumerated negligent acts of defendants, and each of them, were done in a negligent disregard of the probability of causing Jose such anxiety, stress, distress and loss of consortium.

40. As a proximate result of defendants' foregoing conduct, defendants and each of them did in fact cause Jose to suffer severe emotional distress, worry, anxiety and stress. As a proximate result of said conduct, Jose has suffered and continues to suffer pain, discomfort, anxiety, humiliation, shame and emotional and mental distress and loss of consortium and will continue to suffer said emotional distress in the future in an amount according to proof. The above acts and course of conduct were done in a negligent disregard of the probability of causing such harm and distress.

41. WHEREFORE, Jose prays for judgment against defendants and each of them on the Second Cause of Action as follows: for general and special damages in an amount no less than $1,000,000.00 and for all other relief allowed by this Court.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, on all Causes of Action as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For all damages for loss of consortium;
4. For any other relief that the Court deems just and proper.

DATED: 12/14/07

LAW OFFICES OF AMY J. WALLACE

By: _____
Amy J. Wallace, Esq.
Attorney for Plaintiffs Lucenia Piamonte and Jose Piamonte

```
           UNITED STATES
           DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

         #  145606      -  SR

         December 17, 2007
              13:54:21


           Civ Fil Non-Pris
USAO #.: 07CV2352 CIV. FIL.
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: PC#6430




Total->   $350.00



FROM: PIAMONTE V. NAVAL MEDICAL CENT
      CIVIL FILING
```