KAREN P. HEWITT
United States Attorney
STEVEN J. POLIAKOFF
Assistant U.S. Attorney,
California Bar No. 188231
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7117
Facsimile: (619) 557-5004
Email: Steve.Poliakoff@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIENCIA PIAMONTE, an individual; JOSE PIAMONTE, an individual<br><br>Plaintiffs,<br><br>v.<br><br>NAVAL MEDICAL CENTER SAN DIEGO UNITED STATES OF AMERICA; DOES 1 - 20. INCLUSIVE,<br><br>Defendants. | Civil No. 07 CV 2352 L (RBB)<br><br>ANSWER TO COMPLAINT |

    Defendant United States of America ("Defendant" or "United States") by and through its attorneys, Karen P. Hewitt, United States Attorney, and Steven J. Poliakoff, Assistant U.S. Attorney, hereby answers Plaintiffs' Complaint as follows.

    1. Responding to Paragraph 1 of the Complaint, Defendant affirmatively alleges that said paragraph contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said paragraph is denied.

    2. Responding to Paragraph 2 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained

therein.

3. Responding to Paragraph 3, of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

4. Responding to Paragraph 4 of Plaintiff's Complaint, Defendant affirmatively alleges that Defendant United States of America operates a health care facility in San Diego County California known as the Naval Medical Center San Diego. Except as explicitly admitted, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained and based thereon, denies generally and specifically, each, all and every remaining allegation contained therein.

5. Responding to Paragraph 5 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

6. Responding to Paragraph 6 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

7. Responding to Paragraph 7 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

8. Responding to Paragraph 8 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

9. Responding to Paragraph 9 of the Complaint, Defendant affirmatively alleges that said

paragraph contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said paragraph is denied.

10. Responding to Paragraph 10 of the Complaint, Defendant affirmatively alleges that said paragraph contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in said paragraph is denied.

11. Responding to Paragraph 11 of the Complaint, Defendant realleges Paragraphs 1- 10 of its Answers to Paragraphs 1- 10 of Plaintiffs' Complaint, and by this reference incorporates them herein as though set forth in full.

12. Responding to Paragraph 12 of the Complaint, Defendant admits that Plaintiff Lucencia Piamonte presented to the Naval Medical Center San Diego on or about September 14, 2005 for medical treatment regarding her gall bladder. Except as explicitly admitted, Defendant denies each, all and every remaining allegation contained in said paragraph.

13. Responding to Paragraph 13 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

14. Responding to Paragraph 14 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

15. Responding to Paragraph 15 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

16. Responding to Paragraph 16 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

17. Responding to Paragraph 17 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

18. Responding to Paragraph 18 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

19. Responding to Paragraph 19 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

20. Responding to Paragraph 20 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

21. Responding to Paragraph 21 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

22. Responding to Paragraph 22 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

23. Responding to Paragraph 23 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

24. Responding to Paragraph 24 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

25. Responding to Paragraph 25 of the Complaint, Defendant realleges Paragraphs 1- 24 of its Answers to Paragraphs 1- 24 of Plaintiffs' Complaint, and by this reference incorporates them herein as though set forth in full.

26. Responding to Paragraph 26 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

27. Responding to Paragraph 27 of the Complaint, Defendant affirmatively alleges that it is

without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

28. Responding to Paragraph 28 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

29. Responding to Paragraph 29 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

30. Responding to Paragraph 30 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

31. Responding to Paragraph 31 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

32. Responding to Paragraph 32 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

33. Responding to Paragraph 33 of the Complaint, Defendant affirmatively alleges that it represents a Prayer for Relief to which no response is required. To the extent an answer is required, Defendant denies generally and specifically, each, all and every allegation contained therein.

34. Responding to Paragraph 34 of the Complaint, Defendant realleges Paragraphs 1- 33 of its Answers to Paragraphs 1- 33 of Plaintiffs' Complaint, and by this reference incorporates them herein as though set forth in full.

35. Responding to Paragraph 35 of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

36. Responding to Paragraph 36 of the Complaint, Defendant affirmatively alleges that it is

without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

37. Responding to Paragraph 37 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

38. Responding to Paragraph 38 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

39. Responding to Paragraph 39 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

40. Responding to Paragraph 40 of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

41. Responding to Paragraph 41 of the Complaint, Defendant affirmatively alleges that it represents a Prayer for Relief to which no response is required. To the extent an answer is required, Defendant denies generally and specifically, each, all and every allegation contained therein.

The remainder of Plaintiffs' Complaint represents a Prayer for Relief to which no response is required. To the extent an answer is required, Defendant denies generally and specifically, each, all and every allegation contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

As affirmative and other defenses to the allegations of Plaintiffs' Complaint, Defendant states as follows:

1. Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted. There was no negligence of Defendant or any of its agents or employees which was the actual or proximate cause of injury or damages alleged in Plaintiffs' Complaint or otherwise.

2. The Court lacks jurisdiction over the subject matter of this action.

3. Any act or omission of Defendant was superseded by the acts or omissions of others, which were the sole proximate causes of any injury, damage or loss to the Plaintiffs.

4. The acts and omissions of others, were intervening, independent and proximate causes of the alleged injuries.

5. The injuries and damages alleged by Plaintiffs were not proximately caused by a negligent or wrongful act or omission on the part of an employee or agent of the United States.

6. The liability of Defendant and responsible parties, named or unnamed, if any, should be apportioned according to their respective degrees of fault, and the liability of these defendants, if any, should be reduced accordingly.

7. Plaintiffs' claims are barred or diminished as a result of Plaintiffs' failure to exercise reasonable care in mitigating their damages.

8. Defendant asserts as an affirmative defense, the provisions of Proposition 51, California Civil Code, Section 1431.2, providing in part that: "each defendant shall be liable only for the amount of non-economic damages allocated to the defendants in direct proportion to that defendant's percentage of fault..."

9. Plaintiffs' recovery, if any, is limited to the amount of the claims which Plaintiffs presented administratively. 28 U.S.C. § 2675(b).

10. The Plaintiffs had knowledge of and voluntarily assumed the risk of all that transpired. Plaintiffs' injuries, if any, arose out of such risks.

11. Any injuries sustained by Plaintiffs were not caused by carelessness or negligence on the part of the Defendant, its agents, servants or employees, but was caused solely by and through the carelessness and negligence of the Plaintiffs.

12. Plaintiffs were contributorily negligent.

13. Plaintiffs were comparatively negligent.

14. Plaintiffs alleged only speculative future damages which do not constitute compensable damages.

15. All future damages, if any, must be reduced to present value.

16. Income taxes must be deducted from all alleged past and future lost earnings, if any.

17. In the event Defendant is found liable, which liability Defendant expressly denies, Plaintiffs' general, non-economic damages are limited as set forth in California Civil Code § 3333.2.

18. In the event Defendant is found liable, which liability Defendant expressly denies, Defendant is entitled to an offset against damages, if any, for all amounts received by Plaintiffs from

the United States and its agencies, and from all collateral sources. California Civil Code, § 3333.1.

WHEREFORE, Defendant prays that Plaintiffs take nothing by Plaintiffs' Complaint, that Defendant be compensated in full for the costs of suit incurred herein, and for all other relief that the Court deems proper.

DATED: February 29, 2008

KAREN P. HEWITT
United States Attorney

s/Steven J. Poliakoff

_____
STEVEN J. POLIAKOFF
Assistant U.S. Attorney
Attorneys for the Defendant United States of America
Email: Steve.Poliakoff@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIENCIA PIAMONTE, an individual; JOSE PIAMONTE, an individual<br><br>Plaintiffs,<br><br>v.<br><br>NAVAL MEDICAL CENTER SAN DIEGO UNITED STATES OF AMERICA; DOES 1 - 20. INCLUSIVE,<br><br>Defendants. | Civil No. 07 CV 2352 L (RBB)<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Steven J. Poliakoff, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of:

ANSWER TO COMPLAINT

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

      Amy J. Wallace, Esq.
      Attorney for Plaintiffs
      E-Mail: amy.wallace@sbcglobal.net

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

      Not Applicable

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 29, 2008

                      s/ Steven J. Poliakoff
                      STEVEN J. POLIAKOFF